John R. Buchanan, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 771. Promulgated May 1, 1944.

*C. Leo DeOrsey, Esq.,* and *Maurice Friedman, Esq.,* for the petitioner.

*E. L. Corbin, Esq.,* for the respondent.

STERNHAGEN, *Judge*: Income tax deficiencies of $3,513.07 for 1940 and $5,499.73 for 1941 were determined by the Commissioner. The taxpayer assails the disallowance of deductions taken for interest paid upon notes held by a divorced wife. The facts are all stipulated. The return was filed in Jacksonville, Florida.

On May 18, 1931, the taxpayer and his wife, who had been married on January 15, 1916, made an agreement reciting that they were living separately and desired "to settle all financial matters between them" and to provide for the support and maintenance of the wife and three minor children. The husband agreed to pay $1,500 a month for the maintenance of the home and of the children. He also agreed to pay the wife $25,000 in cash and to execute promissory notes for $125,000, payable in five years, with 6 percent interest, payable quarterly, and secured by a deed of trust on two lots in the District of Columbia.

The payment of said cash and the delivery of said note or notes is hereby agreed to be accepted by said party hereto of the second part in full of all claims on her part of every kind and character, whether for support and maintenance or otherwise, against the said party hereto of the first part, and in full satisfaction of all right, title, interest, property or estate, whether by way of dower or otherwise, in and to the property, real, personal or mixed, of the said party hereto of the first part, and this agreement is intended to and shall operate as a full and complete release of all claims or demands on the part of the said party of the second part against the said party hereto of the first part, and of all right, title, interest, property or estate in and to the property, real, personal, and mixed, other than the right which said party of the second part may have by virtue of the deed of trust hereinbefore referred to, and the said note or notes for One Hundred Twenty-five Thousand Dollars ($125,000) secured thereby.

In accordance with this agreement, the taxpayer on May 18, 1931, executed five negotiable promissory notes for $25,000 each, payable on or before five years, with interest at 6 percent.

On July 27, 1931, a decree of divorce was granted in Nevada. In the findings and decree it was stated that the agreement of May 18, 1931, which was appended, making provision for the future support and maintenance of the wife, was fair, just, and equitable in all respects, and it was "adopted, approved and confirmed * * * to the same extent as though fully set forth herein." No reference was made in the decree to alimony and no reservation was made of power in the court to modify the decree.

In 1940, and again in 1941, the taxpayer paid $7,500 interest on the promissory notes. No part of the principal of the notes has been paid.

The taxpayer in each of his income tax returns for 1940 and 1941 deducted the $7,500 paid, and the Commissioner disallowed the deduction for "so-called interest" with the statement that the amount was "in discharge of an obligation under the separation agreement and as

such is not deductible," citing Regulations 103, section 19.24–1. This provides, among other things, "Amounts paid as * * * alimony, and an allowance paid under a separation agreement are not deductible from gross income."

We are of opinion that the determination may not be sustained. The agreement, which became part of the decree of the Nevada court, was a final discharge in 1931 of the taxpayer's obligation to provide support for his wife, and the court, having reserved no power to modify, was without power to change or enlarge his obligation. *Lewis* v. *Lewis*, 53 Nev. 398; *Helvering* v. *Fuller*, 310 U. S. 69. After the decree, therefore, the taxpayer was not obligated to pay his wife alimony or support in lieu of alimony. His obligation thereafter was under the contract of May 18, 1931, and not an incident of his marriage. Having given the notes for $125,000, he no longer had a financial marital obligation. Furthermore, the notes had not been paid and were therefore in default, so the interest paid in 1940 and 1941 was not an amount provided in the agreement or the notes themselves, but was upon the unpaid indebtedness represented by the defaulted notes. It was compensation for the forbearance of payment of the indebtedness. *Deputy* v. *DuPont*, 308 U. S. 488. "All interest paid * * * within the taxable year on indebtedness" is deductible under section 23 (b), Internal Revenue Code.

This case is squarely within the range of *Thomas* v. *Dierks*, 132 Fed. (2d) 224, decided in 1942 by the United States Circuit Court of Appeals for the Fifth Circuit, which considered interest paid on defaulted promissory notes given to a wife, now divorced, under conditions of Missouri law similar to these conditions under Nevada law. The opinion of the Court of Appeals of the District of Columbia in *Longyear* v. *Helvering*, 77 Fed. (2d) 116, may be at variance with this in so far as that opinion holds that interest paid during the term by a husband on notes given to his divorced wife in lieu of alimony was part of the alimony agreed upon and could not be deducted as interest. However, the Circuit Court of Appeals, Fifth Circuit, in its opinion in *Thomas* v. *Dierks*, *supra*, cited the *Longyear* case for comparison, and reached a different result under circumstances more like the present case. We agree with the reasoning in the *Dierks* case, and follow that decision. *Estate of Mildred K. Hyde*, 42 B. T. A. 738, held, consistently with the *Longyear* case, that an amount received by the wife ostensibly as interest was nevertheless alimony and therefore tax-free. That proposition is obsolete for years after December 31, 1941, for the Revenue Act of 1942 amended sections 22 (k) and 23 (u) of the Internal Revenue Code to provide that such alimony will be taxable to the wife and deductible by the husband.

Reviewed by the Court.

*Decision will be entered under Rule 50.*